Filed
D.C. Superior Court
05/09/2018 05:31PM
Clerk of the Court

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOHN STEVEN MUDD<br>5904 Osage Street<br>College Park, MD 20740<br><br>      Plaintiff,<br>v.<br><br>OCCASIONS CATERERS, INC.<br>655 Taylor Street NE,<br>Washington DC 20017,<br><br>PROTOCOL STAFFING SERVICES, INC.<br>655 Taylor Street NE,<br>Washington DC 20017,<br><br>ERIC MICHAEL<br>655 Taylor Street NE,<br>Washington DC 20017,<br><br>MARK MICHAEL<br>655 Taylor Street NE,<br>Washington DC 20017,   and<br><br>SINA MOLAVI<br>655 Taylor Street NE,<br>Washington DC 20017,<br><br>      Defendants | 2018 CA 003274 B |

## COMPLAINT

Plaintiff John Steven Mudd ("Plaintiff" or "Mr. Mudd"), through his attorneys at Clark Law Group, PLLC, hereby alleges as follows:

### NATURE OF ACTION

1. This is a challenge to Occasions Caterers, Inc., Protocol Staffing Services, Inc., Eric Michael, Mark Michael, and Sina Molavi's (collectively, "Defendants") failure to pay Mr. Mudd owed

wages in violation of the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. Pursuant to D.C. Code § 11-921, this Court has subject matter jurisdiction over this civil action because Plaintiff's DCWPCL claims are based on violations of the laws of the District of Columbia.

4. Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendant because Defendant conduct business in the District of Columbia.

5. Venue is appropriate because the majority of Plaintiff's work for Defendant occurred in the District of Columbia.

## PARTIES

6. Plaintiff is a former employee of Defendants.

7. Occasions Caterers, Inc. and Protocol Staffing Services, Inc. are District of Columbia corporations that are headquartered and conduct business in the District of Columbia.

8. Eric Michael, Mark Michael and Sina Molavi are the owners of Occasions Caterers, Inc.

9. Eric Michael and Mark Michael are the owners of Protocol Staffing Services, Inc.

10. Eric Michael, Mark Michael and Sina Molavi controlled the terms and conditions of Mr. Mudd's employment with Occasions Caterers, Inc. and Protocol Staffing Services, Inc.

11. Defendants are employers as defined under D.C. Code § 32-1301(1).

## FACTS

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein, as if the same were set forth at length.

13. Mr. Mudd began his employment with Defendants on or around April 8, 1999, as Comptroller.

14. In 2010, Mr. Mudd entered into an employment agreement with Defendants that entitled him to an annual bonus at the end of each calendar year equaling 3.33% of Occasions Caterers, Inc.'s total pre-tax earnings.

15. Bonus payments were remitted by Occasions Caterers, Inc.

16. In 2010, Defendants also agreed to pay Mr. Mudd as a chef at a rate of $26.00 per hour for "site work" performed at events.

17. Payments for Mr. Mudd's hourly site work were remitted by Protocol Staffing Services, Inc.

18. In 2015, 2016, and 2017, Mr. Mudd was paid at a rate of $23.00 per hour instead of his agreed upon rate of $26.00 per hour.

19. Defendants terminated Mr. Mudd on or around January 25, 2018.

20. Defendants did not pay Mr. Mudd his entitled 2017 bonus prior to or after his termination.

21. Mr. Mudd estimates that his 2017 bonus was for $74,000.00.

22. Wages include the aforementioned bonus. D.C. Code § 32-1301(3)(A).

23. Under the terms of his employment with Defendants, Mr. Mudd accrued paid leave during the course of his employment.

24. Wages include the value of fringe benefits, such as accrued paid leave. D.C. Code § 32-1301(3)(C).

25. At the time of Mr. Mudd's termination, he had accrued 54.5385 hours of paid leave, valued at $2,989.13.

26. Defendants did not pay Mr. Mudd the value of his accrued paid leave off after his termination.

## COUNT 1: FAILURE TO PAY OWED WAGES

27. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

28. Defendants failed to pay Mr. Mudd at his agreed upon hourly rate for work performed in 2015, 2016, and 2017.

29. At the time of Mr. Mudd's termination, he was entitled to payment of an annual bonus.

30. At the time of Mr. Mudd's termination, he had accrued paid leave.

31. Defendants did not pay Mr. Mudd his owed bonus within one day of his termination as required by D.C. Code § 32-1303(1).

32. Defendants did not pay Mr. Mudd his owed accrued leave within one day of his termination as required by D.C. Code § 32-1303(1).

33. Accordingly, Defendants did not pay Mr. Mudd is owed wages in violation of the DCWPCL.

34. Defendants willfully failed to pay Plaintiff his owed wages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court award Plaintiff the following:

A. Determine the damages sustained by Plaintiff as a result of Defendants' willful and intentional violations of the DCWPCL and award unpaid wages against Defendants in favor of Plaintiff, plus treble damages, plus such pre-judgment interest as may be allowed by law;

B. Award Plaintiff reasonable attorney's fees and costs for this action;

C. Award any other relief that this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of facts raised by this Complaint.

Dated: May 9, 2018

Respectfully submitted,

/s/ Jeremy Greenberg
Jeremy Greenberg (1024226)
Denise M. Clark (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W.,
Suite 700
Washington, D.C. 20036
(202) 293-0015
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com
*Counsel for Plaintiff*

## VERIFICATION

Pursuant to D.C. Super. R. 9-I(e), I declare under penalty of perjury that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

_5/9/18_
Date

_John Steven Mudd_ (signature)
John Steven Mudd